UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LISSETTE MONTALVO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| BANK OF AMERICA CORPORATION, | § | SA-10-CV-0360 XR |
| BAC HOME LOANS SERVICING, LP | § | |
| f/k/a Countrywide Home Loans | § | |
| Servicing, LP, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO AMEND COMPLAINT

This order addresses plaintiff Lissette Montalvo's motion to file a second amended complaint.[1]  Montalvo seeks to amend her complaint to correct two mistakes. She seeks to delete an erroneous reference to a wrongfully terminated probation officer and an erroneous reference to a federal regulation.  The defendants Bank of America Corporation and BAC Home Loans Servicing oppose the amendment.

---

[1] Docket entry # 58.  I have authority to resolve the motion under 28 U.S.C. § 636(b) and the district judge's order of referral.  *See* docket entry # 78.

Because the deadline to amend pleadings has passed, Rule 16(b)[2] applies.[3] The rule provides that a scheduling order "may be modified only for good cause and with the judge's consent."[4] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[5] In determining whether the good-cause standard has been met, the court considers four factors: (1) the movant's explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice.[6] "While there is a strong presumption in favor of granting leave to amend, a district court may refuse leave to amend if the complaint as amended would be subject to dismissal."[7]

**Montalvo's explanation for failing to timely move for leave to amend**. Montalvo relies on mistake for failing to ask to amend earlier. Her attorney explained

---

[2]Fed. R. Civ. P. 16.

[3]*See S&W Enterprises v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (deciding that the rule applies after the deadline for amending pleadings has expired).

[4]Fed. R. Civ. P. 16(b).

[5]*S&W Enterprises*, 315 F.3d at 535 (citation omitted).

[6]*S&W Enterprises*, 315 F.3d at 536.

[7]*Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009).

that he discovered the mistakes when responding to the defendants' motion for summary judgment. The defendants correctly asserted that the mistakes should have been corrected the first time Montalvo amended her complaint. Although the mistakes should have been corrected at that time, few attorneys are excepted from human error. This factor weighs neither for or against amending.

**Importance of the amendment**. The first mistake—the reference to the terminated probation officer[8]—is scrivener's error of no significance. It is the kind of mistake the parties and the court can ignore. Correcting the first mistake holds no importance.

Correcting the second mistake—the reference to the erroneous federal regulation[9]—holds significance because the correction identifies the authority for an allegation supporting the Montalvo's breach of contract claim. The first amended complaint alleged that the defendants failed to comply with 24 C.F.R. § 203.500. That provision requires a lender to contact the borrower "either in a face-to-face meeting or by telephone, to discuss the reasons for the default and to seek its cure."[10] The provision does not apply to this case because the provision applies to mortgages for

---

[8]Docket entry # 38, ¶ 1.1.

[9]Docket entry # 38, ¶ 5.3.

[10]24 C.F.R. § 203.500(a).

manufactured homes.[11]  The mortgaged property in this case is not a manufactured home.  Instead, 24 C.F.R. § 203.604 applies.

Section 203.604 requires the "mortgagee [to] have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting…."[12]  That provision also anticipates a face-to-face meeting.  Even though the regulatory provisions are very similar in substance, the defendants maintained amending is futile because an exception applies in this case.

Section 203.604's exception provides that a face-to-face meeting is not required if "[t]he mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either…."[13]  The proposed second amended complaint cites section 203.604 and alleges that if Montalvo "had been allowed a face to face meeting with [the defendants], she presumably would have been correctly informed of what she needed to do and the acceleration and foreclosure could have been avoided."[14]  There are two reasons section 203.604's exception applies to this claim.  First, Montalvo did not allege that the mortgaged property is located within 200 miles of the mortgagee.  Second, the

---

[11]*See* 24 C.F.R. § 201.1 (stating the purpose of the regulations as applying to loans for manufactured homes).

[12]24 C.F.R. § 203.604(b).

[13]24 C.F.R. § 203.604(c)(2).

[14]Docket entry # 58, ex. A, ¶ 5.3.

defendants presented summary-judgment evidence that the lender "did not operate a servicing center within a 200-mile radius [of the mortgaged property] that was staffed with employees familiar with servicing issues…."[15] Thus, even if Montalvo amended her complaint to assert the correct regulatory basis for the allegation, amending the complaint would be futile because Montalvo was not entitled to a face-to-face meeting. As a result, amending the complaint to reflect the correct federal regulation holds no importance to Montalvo's breach of contract claim.  In addition, the allegation about the face-to-face meeting is only one of the factual allegations supporting the breach of contract claim.  The importance factor weighs against the amendment.

**Prejudice in allowing the amendment and the availability of a continuance to cure prejudice**.  Montalvo contended the amendment would not prejudice the defendants because they have deposed her about the correct federal regulation and because she will accommodate any action required by the amendment.  The defendants responded that they deposed Montalvo based on the first amended complaint and argued that they should not be required to guess about the correct basis for Montalvo's claim.  The application of section 203.604's exception negates the issue of prejudice.  The applicability of the exception was argued in summary-judgment pleadings and Montalvo presented no summary judgment evidence negating the applicability of the

---

[15]Docket entry # 64, ex. 2, ¶ 4.

exception. These factors weigh neither for or against the amendment.

**Conclusion**. The balance of the good-cause factors weighs against the amendment. For that reason, I deny the motion to amend (docket entry # 58). Although Montalvo may not amend her complaint, she may rely on her allegation that if she "had been allowed a face to face meeting with [the defendants], she presumably would have been correctly informed of what she needed to do and the acceleration and foreclosure could have been avoided."

**SIGNED** on December 13, 2011.

*Nancy Stein Nowak*
_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE